T.C. Summary Opinion 2020-22

UNITED STATES TAX COURT

ADAM JORDAN WINSLOW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8755-18S.                          Filed August 3, 2020.

Adam Jordan Winslow, pro se.

<u>Timothy B. Heavner</u> and <u>Chelsey M. Pearson</u>, for respondent.

SUMMARY OPINION

COLVIN, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.

---

[1]Petitioner resided in North Carolina when he filed his petition.  Unless
otherwise indicated, section references are to the Internal Revenue Code (Code) in
(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioner had a $5,853 deficiency in petitioner's Federal income tax for 2015. This determination is based on respondent's disallowance of petitioner's $24,000 alimony deduction. After respondent's concession,[2] the only issue for decision is whether petitioner may deduct as alimony $24,000 paid to his former spouse.[3] We hold that petitioner may deduct alimony of $17,820 for 2015.

## Background

A. Petitioner's Marriage and Divorce

Petitioner and his former spouse were married on June 11, 2009. They had one child during their marriage. They separated on November 4, 2014, and petitioner's former spouse moved with their child to Florida from their home in

_____

[1](...continued)
effect for all relevant times. Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2]Respondent concedes that petitioner is not liable for the accuracy-related penalty under sec. 6662.

[3]Under the Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, sec. 11051, 131 Stat. at 2089-2090, alimony paid is no longer deductible if paid pursuant to a divorce instrument executed after December 31, 2018. That statutory change does not apply to the tax year before the Court.

Maryland. Petitioner served on active duty in the United States Marine Corps at all times relevant to this case.

B.      2015 Payments

Petitioner paid his former spouse $2,000 per month throughout 2015. Petitioner selected that amount on the basis of the requirement that marines provide support for separated family members in the amounts mandated by the Financial Support of Family Members policy (family support policy). Marine Corps Order (MCO) P5800.16A, Marine Corps Manual for Legal Administration (Aug. 31, 1999) (Marine Corps Manual). As a result of his duties, petitioner was very familiar with the Marine Corps Manual family support policy.

The Marine Corps Manual family support policy provides in pertinent part:

15000. SCOPE * * * This chapter is punitive in nature, and violations of this order are punishable under the UCMJ [Uniform Code of Military Justice], and may subject violator to adverse administrative action. * * *

15001. POLICY

1. * * * Marines shall comply fully with the provisions of separation agreements and court orders addressing the support of family members. Absent such agreements or court orders, and conditioned upon a complaint of nonsupport to a commanding officer, the support standards set forth in this chapter shall be enforced. * * *

2.  Preferably, the amount of support provided to family members should be established by a written agreement between the parties, or be adjudicated in the civilian courts.  * * *

15002.  PUNITIVE PROVISIONS

1.  Marines will not violate any of the following:

a.  The financial dependent support provisions of a court order.

b.  The financial support provisions of a written agreement addressing the issue of dependent support. * * *

c.  If neither a court order nor a written agreement exists, the interim financial Support standards of paragraph 15004, and orders issued thereunder by a commanding officer.

2.  This paragraph is punitive in nature.  Marines who fail to comply with this paragraph are subject to punishment under the UCMJ, as well as to adverse administrative action.

Paragraph 15004 in chapter 15 of the Marine Corps Manual provides a formula for determining the amount of financial support a marine should pay to his or her separated spouse.  Paragraph 15004 states that if two family members (i.e., a spouse and a child) are entitled to receive support from a marine, the marine must pay the greater of:  (1) two-thirds of the marine's basic housing allowance per month or (2) $572 per month.  If the marine is supporting only one family member, he or she must pay the greater of:  (1) one-half of the housing allowance

or (2) $350 per month. Petitioner's basic housing allowance during 2015 was $2,970 per month. Two-thirds of that amount is $1,980. Thus, under the policy, petitioner was required to pay $1,980 per month. For simplicity, petitioner rounded that amount up and paid his former spouse $2,000 per month during 2015.

Emails exchanged between petitioner and his former spouse show that they both accepted the family support policy as the basis for computing the amount of petitioner's support payments. In an email sent to petitioner on December 15, 2014, petitioner's former spouse stated:

> Per The Financial Support of Family Members Policy please deposit $3,671.95 into the joint account today, December 15, 2014.
>
> Kindly,
>
> * * * [Petitioner's former spouse]

That same day petitioner responded:

> I think your calculations are off. The $5,000 I put into the joint account that you removed and put in your personal account (that I never had access to) covers my obligations through the middle of January.
>
> Kindly,
>
> * * * [Petitioner]

As stated above, petitioner paid his former spouse $2,000 per month, and they separated on November 4, 2014.  The $5,000 amount equals the amount (rounded) he owed for November ($2,000), December ($2,000), and half of January ($1,000).

C.    Petitioner's Divorce

Petitioner and his former spouse were divorced in 2016.  On February 16, 2016, a Judgment for Absolute Divorce was entered in the Circuit Court for Calvert County, Maryland.

D.    Petitioner's 2015 Tax Return

Petitioner timely filed his Form 1040, U.S. Individual Income Tax Return, for 2015.  On that Form petitioner deducted $24,000 for alimony paid.

## Discussion

The issue for decision is how much, if any, petitioner may deduct as alimony paid to his former spouse during 2015.

A.    Alimony and Separation Instruments

"[A]limony or separate maintenance payment" is any payment in cash if (1) the payment is received by a spouse under a divorce or separation instrument, (2) the divorce or separation instrument does not state the payment is not includible as gross income under section 71 and is not allowed as a deduction

under section 215, (3) the spouses are not living in the same household at the time of the payment, and (4) there is no liability to make the payments for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse. Sec. 71(b). Respondent contests only whether the payments were received by petitioner's former spouse under a divorce or separation instrument.

Section 71(b)(2) defines the term "divorce or separation instrument" as:

>      (A) a decree of divorce or separate maintenance or a written instrument incident to such a decree,

>      (B) a written separation agreement, or

>      (C) a decree (not described in subparagraph (A)) requiring a spouse to make payments for the support or maintenance of the other spouse.

B.      Analysis

Respondent contends that none of the amounts petitioner paid his former spouse in 2015 qualify as alimony because, according to respondent, petitioner and his former spouse did not have a written separation agreement. Respondent also contends that the exchange of emails does not show a meeting of the minds between petitioner and his former spouse.

We disagree. The emails quoted above show petitioner's and his former spouse's intention to accept the Marine Corps Manual family support policy and constitute a written separation agreement for purposes of section 71(b)(2)(B).

The phrase "written separation agreement" is not defined in the Code, applicable regulations, or legislative history. Jacklin v. Commissioner, 79 T.C. 340, 346 (1982); Keegan v. Commissioner, T.C. Memo. 1997-359. Caselaw establishes that a written separation agreement is a clear, written statement by the parties stating the terms as agreed by the parties does not need to be approved by a court. See Jacklin v. Commissioner, 79 T.C. at 350; Bogard v. Commissioner, 59 T.C. 97, 99, 101 (1972).

A valid written separation agreement exists where one spouse assents in writing to a letter proposal of support by the other spouse. See, e.g., Azenaro v. Commissioner, T.C. Memo. 1989-224. A written separation agreement need not state a specific amount of required support so long as there is an ascertainable standard with which to calculate support amounts. See Jacklin v. Commissioner, 79 T.C. at 348-351. The emails show that petitioner and his former spouse both adopted the Marine Corps Manual family support policy as the basis for fixing the amount of the monthly payments. In her email to petitioner his former spouse directly refers to the family support policy. Respondent points out that in his

email petitioner did not refer to the Marine Corps Manual. However, the amounts stated in his email, when considered in the context of petitioner's familiarity with the Marine Corps Manual and its mandatory nature (i.e., "violations of this order are punishable under the UCMJ, and may subject violators to adverse administrative action", MCO 5800.16A, para. 15000), clearly show petitioner's intention to comply with the Marine Corps Manual.

Respondent contends that petitioner's email does not establish the period that the $5,000 referred to in his email is meant to cover. We disagree. Under the Marine Corps Manual petitioner's payment of $5,000 would cover slightly more than 2-1/2 months. Two and one-half months after his former spouse moved to Florida (November 4, 2014) is the middle of January 2015, as petitioner stated in his email. Petitioner's reference to $5,000 shows that he applied amounts based on the family support policy and relied on the Marine Corps Manual to determine the amount of the payments.

It is appropriate for us to recognize the importance of the Marine Corps Manual to petitioner and his former spouse. There is no hint in the record that before the divorce decree petitioner or his former spouse considered any basis for determining the amount of support other than the Marine Corps Manual or that either of them wanted to change the $2,000 monthly amount. The 58 words in

their emails show the requisite meeting of minds to base petitioner's payments on the family support policy mandated by the Marine Corps Manual.

Respondent points out that petitioner's former spouse did not file a complaint with petitioner's commanding officer and contends that the family support policy does not apply without such a complaint. We disagree. The text of the policy shows a clear preference for a marine to agree to support amounts without requiring intervention by courts or complaints against the marine.

The record also clearly shows (and respondent does not dispute) that petitioner's payments to his former spouse were made as a result of their marital and familial relationship, see Jacklin v. Commissioner, 79 T.C. at 352, and that petitioner and his former spouse were separated throughout 2015, see sec. 71(b)(1)(C). The terms of the separation agreement did not preclude the monies paid from being included as income or require payments to continue if petitioner died during the separation period. See sec. 71(b)(1)(B), (D).

On the basis of the foregoing we conclude that petitioner paid alimony during 2015.

C.     Deduction Amount

The family support policy requires that, if support payments are made on behalf of two people (e.g., a spouse and a child), the support payment shall equal

two-thirds of a marine's basic housing allowance. Two-thirds of petitioner's basic housing allowance was $1,980 per month.

Under section 71(c), a taxpayer may not deduct payments for child support. Petitioner paid two-thirds of his basic housing allowance to his former spouse for her and their child. If petitioner and his former spouse had had no children and petitioner's support payments had been based only on his former spouse, he would have been required to pay one-half of his basic housing allowance. MCO 5800.16A, para. 15004. One-half of petitioner's basic housing allowance for 2015 was $1,485 per month ($17,820 per year). We find that petitioner paid $1,485 in alimony each month.

D.    Conclusion

The emails exchanged between petitioner and his former spouse coupled with the Marine Corps Manual established a written separation agreement. At trial petitioner established that the $24,000 he paid during 2015 to his former spouse was paid because of his marital relationship. The Marine Corps Manual

designated one-half of his basic housing allowance to be paid to his former spouse.  Therefore, petitioner may deduct $17,820 from his income for 2015.

Decision will be entered under Rule 155.